The two other judges delivered the followingoplnion -
I have considered the case with attention, and regret I cannot agree with my brethren in affirming tl*e decree of the circuit judge.
It does not appear to me that we are at liberty to deprive James Duncan of the benefit of las judgment at law, on the bond to make titles, which he held, by assignment, and which he had a right to sue, unless we see that he is secured in a good title to the land. As Í do not perceive that he is secured in that respect, I cannot consent to make the injunction against his judgment at law perpetual. The substantial object of the com*-plainant’s bill in the Circuit Court, was to compel Dun}, can to accept a title to the land in lieu of the judgment o the bond to make titles, or in other words, to accept a specific performance of the contract. In all such cases, it appears to me to be the duty, and it is the course ofthp court, to see that the title offered is free from all reason able objections. In the present case, I do not think tba the complainant’s title is free from objection. I think *546 that it is quite probable that the adverse possession of Gambito may be supported, ami defeat the title. This reasonable doubt, I think, ought to prevent the court from forcing Duncan to accept the title and give up his judgment on tho bond to make titles. I am, therefore, of opinion that the decree of the circuit court ought to be reversed. '
(Signed) Henrx W„ Desaussure.
I concur in the above opinion.
W. TaoMiesoY.